MURGUIA, Circuit Judge,
dissenting:
I do not believe that Falcon’s passing reference to a retaliatory extortion scheme is sufficient to raise a genuine dispute of material fact. The only mention of such a scheme in the record appears in a state government claims form prepared by Falcon:
Property officer Farley returned personal package [sic] when claimant refused to donate 25% of his property in an extortion scheme as a form of retaliation, which has caused much distress to claimant.
As far as the record reveals, the snacks, hygiene items, and rock CD in Falcon’s package were the entirety of Falcon’s property. That Farley would attempt to extort any of these meager items from Falcon strikes me as implausible. The record also suggests no conduct on Falcon’s part for which Farley might be tempted to seek “retaliation.” Even when viewed in the light most favorable to Falcon, in my view, Falcon’s assertion is too implausible and conclusory to permit a reasonable inference that Farley returned the package as part of an extortion scheme. See FTC v. Publishing Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir.1997) (“A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.”). I would affirm the judgment of the district court.